UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEROME JONES                                          CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                    NO. 24-00363-BAJ-SDJ

RULING AND ORDER

Before the Court is Plaintiff's **Motion *In Limine* to Suppress Testimony and Evidence (Doc. 45, the "Motion")**. The Motion is opposed (Doc. 48), and Plaintiff filed a Reply (Doc. 67). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**.

## I. BACKGROUND

This is a prisoner civil rights action. Plaintiff alleges that Defendant Sergeant Joseph Davis ("Defendant") subjected him to unnecessary and excessive force at the Louisiana State Penitentiary on October 19, 2022. (Doc. 1-2 ¶ 17).

Plaintiff now moves, pursuant to Federal Rules of Evidence 104 and 403, to exclude eight categories of evidence that Defendants may introduce at trial: (1) Plaintiff's pre-incident medical records (Defense Exhibit 1); (2) the entire certified Administrative Remedy Procedure file (Defense Exhibit 2); (3) the Unusual Occurrence Report dated October 19, 2022 (Defense Exhibit 3); (4) disciplinary reports from other incidents;[1] (5) any reference to the criminal record or convictions

---

[1] The Court assumes Plaintiff is referring to disciplinary reports from other incidents that involve Plaintiff.

of Plaintiff or of any inmate witness; (6) conduct reports from other incidents;[2] (7) and Plaintiff's master prison record.[3] (Doc. 45 at 1–2). Plaintiff further seeks to bar Master Sergeant Jaquan McDonald, an LSP officer who may have been within the vicinity of the altercation, from testifying at trial. (*Id.* at 2).[4]

## II.    LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so

---

[2] The Court assumes that Plaintiff is referring to conduct reports detailing prior incidents that involve Plaintiff and other inmates.

[3] Plaintiff does not identify the specific reports encompassed by items (4) and (6) within his Motion, nor provide record citations to them, and his accompanying memorandum offers no clarification. To the extent Plaintiff refers to the disciplinary board list contained within the certified ARP file, that list reflects prior incidents between Plaintiff and other inmates. (*See* Doc. 45-3 at 34–36).

[4] The categories of evidence that Plaintiff seeks to exclude in his Motion (Doc. 45) do not match the categories of evidence that Plaintiff seeks to exclude in his accompanying memorandum (Doc. 45-2 at 1–2) and proposed order (Doc. 45-1). Plaintiff's accompanying memorandum goes beyond the Motion itself by seeking to exclude the Disciplinary Report dated October 19, 2022 (Defense Exhibit 4). Plaintiff's accompanying proposed order, however, only seeks to exclude the entire ARP file, the UOR dated October 19, 2022, and testimony from McDonald.

that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1. However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. FED. R. EVID. 402. Federal Rule of Evidence 403 authorizes courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## III. DISCUSSION

### A. Uncontested Evidentiary Categories.

Plaintiff first seeks exclusion of five categories of evidence that Defendants represent they will not offer at trial: Plaintiff's pre-incident medical records, UORs from other incidents, disciplinary and conduct reports from other incidents, references to the criminal record or convictions of Plaintiff or of any inmate witness, and his master prison record. Plaintiff's own Motion recites Defendants' representations that they do not intend, or do not presently anticipate, offering these

categories of evidence, subject to narrow reservations, principally concerning potential impeachment. (Doc. 45 at 1–2). Defendants confirm those representations in their opposition. (Doc. 48 at 2). The Court credits Defendants' representations and therefore **DENIES** the Motion with respect to these categories of evidence **AS MOOT**.

These rulings are without prejudice to Plaintiff's right to object at trial should Defendants offer such evidence. Any use of prior convictions for impeachment purposes will be governed by Federal Rule of Evidence 609, and the Court will rule on such matters if and when they arise at trial.

### B. October 19, 2022 UOR and October 19, 2022 Disciplinary Report.

Plaintiff's next attempts to exclude the October 19, 2022 UOR and perhaps the October 19, 2022 Disciplinary Report.[5] (Doc. 45-2 at 2).

With respect to the October 19, 2022 UOR, courts have often concluded that UORs prepared by named-Defendant prison security officers do not fit within the hearsay exception because they may be untrustworthy. *See Lafleur v. Knight,* No. 15-640-SDD-RLB, 2018 WL 3240963, at *1 (M.D. La. July 3, 2018) (excluding an LSP UOR as hearsay "without prejudice to the Defendants' urging an appropriate exception to the rule against hearsay, if any, at the time of trial."); *see also Fobbs v. Davis,* No. 3:11-CV-00700, 2015 WL 3682375, at *2 (M.D. La. June 12, 2015)

---

[5] Plaintiff's Motion makes it difficult to discern which categories of evidence Plaintiff seeks to exclude, given the unclear subheading "Disciplinary Reports from other incidents Unusual Occurrence Reports - Def Ex 3[,]" where Defense Exhibit 3 is the October 19, 2022 UOR. To the extent Plaintiff seeks exclusion of disciplinary reports concerning unrelated incidents, Defendants represent that they will offer none. (Doc. 48 at 2–3). Therefore, that portion of the Motion is denied as moot.

(excluding a UOR where the proponent "points to no exception to the hearsay rule that might make [it] admissible"). That reasoning applies here: the UOR is authored by Defendant Davis and Lieutenant Michael Karisny. (Doc. 45-3 at 13–16, 26–29). "After a party properly objects to the admission of evidence as hearsay, the proponent of the evidence bears the burden to show that the statement is not offered as hearsay or falls within an exception to the hearsay rule." *Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC,* 541 F. Supp. 3d 687, 692 (M.D. La. 2021). Defendants neither confirm that the statement is not offered as hearsay, nor do they provide a presently applicable exception for the UOR. Instead, they observe that Plaintiff fails to consider "the possibility that the report may be used as a recorded recollection to refresh a witness' memory" given the nearly four years between the incident and trial. (Doc. 48 at 2–3). That possibility does not require a different result. The use of writing to refresh a witness' recollection does not entail the admission of the writing into evidence. *See* FED. R. EVID. 612. Additionally, recorded recollection under Federal Rule of Evidence 803(5) requires a foundation that can be laid only at trial; even then, the record "may be read into evidence but may be received as an exhibit only if offered by an adverse party." FED. R. EVID. 803(5). Both avenues remain fully available to Defendants if the Court grants this Motion with respect to the UOR.

With respect to the October 19, 2022 Disciplinary Report (Defense Exhibit 4), it is not clear whether Plaintiff seeks to exclude this document. Plaintiff's Motion, memorandum accompanying the Motion, and proposed order accompanying the

Motion identify the UOR arising from this incident (Defense Exhibit 3) as an exhibit Plaintiff seeks to exclude. (Doc. 45 at 1; Doc. 45-2 at 2; Doc. 45-1). However, neither Plaintiff's Motion nor his accompanying proposed order seek to exclude the October 19, 2022 Disciplinary Report.[6] Accordingly, the Court will **DEFER** ruling on the Motion with respect to the October 19, 2022 Disciplinary Report until trial.

Consistent with the decisions of this Court addressing materially identical reports, the Motion is **GRANTED** with respect to the October 19, 2022 UOR without prejudice to Defendants' urging an appropriate exception to the rule against hearsay, if any, at the time of trial. The authors of the reports may, of course, testify at trial. *See McCadney v. Hamilton*, No. 13-824-JWD-RLB, 2015 WL 3938470, at *3 (M.D. La. June 26, 2015) (excluding a UOR while permitting its author to "testify as to his observations and as to any admissions made by the Plaintiff"); *Johnson v. Cain*, No. 09-0454-BAJ-CN, 2011 WL 2437608, at *2 (M.D. La. June 17, 2011) (the report's author "may certainly testify as to what he personally observed" on the date in question "as to what he was told by the plaintiff (as non-hearsay admissions by a

---

[6] As noted previously, the categories of evidence that Plaintiff seeks to exclude in his Motion (Doc. 45) do not match the categories of evidence that Plaintiff seeks to exclude in his accompanying memorandum (Doc. 45-2 at 1–2) and proposed order (Doc. 45-1). Plaintiff's accompanying memorandum seeks to exclude the disciplinary report dated October 19, 2022 (Defense Exhibit 4), but his Motion (Doc. 45) and his accompanying proposed order (Doc. 45-1) do not.

Plaintiff's memorandum also does not clarify whether he seeks to exclude the October 19, 2022 Disciplinary Report. Plaintiff discusses the "disciplinary charges and disciplinary report concerning the events" and "the disciplinary report and the disposition of any disciplinary charges" under the subheading entitled "Disciplinary Reports *from other incidents* Unusual Occurrence Reports - Def Ex 3[,]" (emphasis added) (where Defense Exhibit 3 is the October 19, 2022 UOR), with no reference to the Disciplinary Report exhibit (Defense Exhibit 4) in this section. Defendants' Opposition indicates that they were unaware that Plaintiff had briefed the issues of the October 19, 2022 Disciplinary Report in his Motion. *See* Doc. 48 at 2.

6

party-opponent)" and "as to matters within his personal knowledge.").

### C. ARP No. LSP-2022-2131.

The Administrative Remedy Procedure, or ARP, is the Louisiana Department of Public Safety and Corrections' internal grievance process for inmate complaints. The certified ARP file at issue, No. LSP-2022-2131, contains, amongst other things, Plaintiff's handwritten grievance; the First and Second Step responses denying relief to Plaintiff; Plaintiff's medical records from the day of the incident; the October 19, 2022 UOR; the October 19, 2022 Disciplinary Report; and other institutional records. (*See* Doc. 45-3).

Plaintiff summarily argues, in a single paragraph and without citation to any rule or authority, that the certified ARP file is "a collection of documents each of which constitute inadmissible hearsay and there is no exception to the hearsay rule that will allow them to be entered into evidence." (Doc. 45-2 at 5). Defendants respond that portions of the file consist of Plaintiff's own handwriting, admissible against him as statements of a party opponent under Federal Rule of Evidence 801(d)(2); that other portions, including medical records, may fall within recognized exceptions such as Federal Rule of Evidence 803(4), which exempts statements made for, and reasonably pertinent to, medical diagnosis or treatment; and that Plaintiff himself lists portions of the same file among his own trial exhibits, implicating the rule of completeness embodied in Federal Rule of Evidence 106, under which a party's introduction of part of a statement permits an adverse party to introduce any other part of the statement that, in fairness, ought to be considered at trial. (Doc. 48 at 3–4).

7

The certified ARP file is a compilation of documents of differing authorship, character, and purpose. The admissibility of any given document within it will turn on the identity of the proponent, the purpose for which the document is offered, and the foundation laid at trial. Indeed, both sides apparently propose to offer portions of the same file. (Doc. 48 at 3; Doc. 44 at 6). Defendants' invocation of Rule 106 means that the admissibility of any given portion may depend on which party offers which portion, for what purpose, and in what order. A blanket pretrial ruling precluding admission of the entire ARP is not prudent at this time. *See Granger v. Babin*, No. 12-628-JJB-SCR, 2014 WL 4211309, at *3 (M.D. La. Aug. 25, 2014) ("The admissibility of plaintiff's Administrative Remedy Procedure is deferred until trial."). Accordingly, the Motion with respect to the ARP is **DEFERRED** until trial. Counsel shall raise any objection to a particular document within the file at the time it is offered, outside the presence of the jury if necessary. This deferral does not permit the introduction of any material otherwise excluded by this Ruling and Order.

### D. The Testimony of Master Sergeant Jaquan McDonald.

Finally, Plaintiff seeks to bar McDonald from testifying at trial, arguing that McDonald's December 14, 2022 witness statement submitted in connection with the incident at issue "nowhere indicates he saw anything or has personal knowledge." (Doc. 45-2 at 5). A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. FED. R. EVID. 602. Evidence to prove personal knowledge may consist of the witness's own testimony. *Id.*

8

The Parties read McDonald's witness statement differently. Under Plaintiff's reading, the statement's silence as to how McDonald came to know what he recounts shows that McDonald "is not a witness." (Doc. 45 at 2; Doc. 45-2 at 5). Under Defendants' reading, the statement describing the encounter between Plaintiff and Defendant makes it at least possible that McDonald observed the events he describes. (Doc. 45-5 at 1; Doc. 48 at 4). The statement does not make clear whether McDonald was or was not an eyewitness to the encounter. This is precisely the sort of foundational question that Rule 602 commits to trial, where the foundation may be laid through the witness's own testimony and tested on cross-examination. *See Poullard v. Firestone Grp., Inc.,* No. 2:12-cv-02732, 2014 WL 4660693, at *5–6 (W.D. La. Sept. 17, 2014) (enforcing Rule 602's foundation requirement while declining to issue a "blanket ruling" prohibiting a witness's testimony in advance of trial). Excluding a witness altogether, before investigating whether he had personal knowledge of the event at issue, would invert that framework. Plaintiff has not shown that McDonald's testimony is clearly inadmissible on all potential grounds, and his request to exclude McDonald is therefore **DENIED** without prejudice to Plaintiff's right to object at trial.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion (Doc. 45)** is **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**, as follows:

The **Motion** is **GRANTED** as to the Unusual Occurrence Report dated

9

October 19, 2022, without prejudice to Defendants' urging an appropriate exception to the rule against hearsay, if any, at the time of trial. The authors of the reports may testify as to their personal observations, as to statements made by Plaintiff, and as to matters within their personal knowledge; furthermore, nothing in this Ruling and Order precludes the use of a writing to refresh a witness's recollection in accordance with Federal Rule of Evidence 612.

The **Motion** is **DENIED AS MOOT** as to Plaintiff's pre-incident medical records; disciplinary and conduct reports from other incidents; references to the criminal record or convictions of Plaintiff or of any inmate witness; and Plaintiff's master prison record, without prejudice to Plaintiff's right to object at trial should such evidence be offered.

The **Motion** is **DENIED** as to the request to exclude the testimony of Master Sergeant Jaquan McDonald, without prejudice to Plaintiff's right to object at trial.

The **Motion** is **DEFERRED** until trial as to the admissibility of the certified ARP file No. LSP-2022-2131 and the Disciplinary Report dated October 19, 2022; however, this deferral does not permit the introduction, through the ARP, of any material otherwise excluded by this Ruling and Order.

Baton Rouge, Louisiana, this 28th day of July, 2026

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

10