UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEROME JONES                                         CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                  NO. 24-00363-BAJ-SDJ

RULING AND ORDER

Before the Court is Plaintiff's **Motion for Partial Summary Judgment (Doc. 26)**. Plaintiff moves for partial summary judgment on all twelve of Defendants' affirmative defenses. Defendants filed an Opposition to the Motion. (Doc. 30). Plaintiff filed a Reply in support of the Motion. (Doc. 32).

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that while he was incarcerated at the Louisiana State Penitentiary, facility employee Defendant Sergeant Joseph Davis ("Defendant") violated state and federal law by using unreasonable force against him.[1] (Doc. 1-2 at 10). Plaintiff alleges that on October 19, 2022, while he was "standing against the wall in front of his cell" "in full restraints and not resisting[,]" Defendant "grabbed" him and "forcefully threw him to the concrete on his head." (Doc. 26-2 at 3). He further alleges that as a result, he suffered bruising and a lump and gash to his head that

---

[1] The Parties recently filed a joint pretrial order stating that they are only in agreement over two facts: (1) that "at all times relevant to this suit, Plaintiff was an inmate housed at Louisiana State Penitentiary[,]" and (2) that "[o]n October 19, 2022, Msgt. Joseph Davis was employed by DPSC at Louisiana State Penitentiary[.]" Indeed, "[a]ll other facts asserted by Plaintiff are in dispute." (Doc. 26-5 ¶¶ 5, 6; Doc. 44 at 4). Therefore, the Court primarily makes reference to Plaintiff's *allegations*, not undisputed facts, in this section.

required staples. (*Id.*). Plaintiff's medical records indicate that on the date of the altercation, he had a 3 centimeter laceration to the right side of his head that required 6 staples, and that he told medical personnel that he was thrown to the ground by security and hit his head on the floor. (Doc. 26-3 at 5–6). Plaintiff then alleges that the altercation was recorded on surveillance video taken at the penitentiary, which he finally alleges that he "requested in his [Administrative Remedy Procedure]."[2] (Doc. 26-2 at 3).

Plaintiff's Petition for Damages requests relief under 42 U.S.C. § 1983 for violations of the Eighth Amendment and state law claims of battery and negligence. Plaintiff also alleges that Louisiana is vicariously liable for the state law torts of Defendant Davis. (*Id.* at 11–12). Defendants asserted twelve affirmative defenses, which Plaintiff now challenges with the instant Motion for Partial Summary Judgment.

## II.    LEGAL STANDARD

"A partial summary judgment order [] is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment exists to "root out, narrow, and focus the issues" for trial. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

---

[2] It is not clear from the ARP that Plaintiff "requested" his video, as his Motion for Summary Judgment claims. Though his ARP is hand-written and thus a bit hard to read, it appears that he stated: "reviewed the tier, camera footage show[s] what happened on the tier between Sgt. Davis and Jerome Jones." (Doc. 26-4 at 2).

A district court should "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018) ("This occurs when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

For issues on which the movant bears the burden of proof at trial, they "must come forward with evidence which would entitle [them] to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence establishing a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

Where the nonmovant bears the burden of proof at trial, the moving party must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the claim. *See Lujan v. Nat'l Wildlife Federation,* 497 U.S. 871, 885 (1990). Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward evidence to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). "The evidence of the non-movant is to be believed,

3

and all justifiable inferences are to be drawn in [its] favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

### III. ANALYSIS

Plaintiff moves for partial summary judgment on all twelve affirmative defenses asserted by Defendants:

1. That Defendants are entitled to qualified immunity. Defendants assert that their conduct did not violate any of Plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known. (Doc. 8 ¶ 1).

2. Defendants deny any and all liability unto Plaintiff in this matter. (*Id.* ¶ 2).

3. That Plaintiff is not entitled to monetary relief, or any other relief asserted and/or inferred in the petition for damages. (*Id.* ¶ 3).

4. That Plaintiff's damages, if any, are not of the nature or extent alleged. The Defendants also aver that Plaintiff failed to mitigate any damages which he claims to have incurred. (*Id.* ¶ 4).

5. That any and all claims seeking monetary damages from Defendants in their official capacity are barred by the Eleventh Amendment. (*Id.* ¶ 5).

6. That Defendants did not use any force. (*Id.* ¶ 6).

7. That Defendants did not use any force which was unnecessary or excessive under the circumstances, or which rises to the level of a constitutional violation. (*Id.* ¶ 7).

4

8. That if Defendants are found by the Court to have violated Plaintiff's civil rights, then Defendants are immune from a judgment for damages because they acted at all times reasonably and in good faith and in accordance with the laws and institutional rules and regulations. (*Id.* ¶ 8).

9. That if Defendants are found to have violated Plaintiff's rights, and are not entitled to the defense of qualified immunity, then Plaintiff, through intentional and negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages. (*Id.* ¶ 9).

10. The petition for damages fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* ¶ 10).

11. An inmate confined in a jail, prison, or other correctional facility cannot recover for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). (*Id.* ¶ 11).

12. Finally, Defendants assert their right to any affirmative defense delineated in Rule 8(c) of the Federal Rules of Civil Procedure not specifically enumerated herein. (*Id.* ¶ 12).

## A. General Denials of Liability and Good Faith.

Plaintiff first argues that he is entitled to summary judgment on Defendants' second, third, sixth, seventh, and eighth affirmative defenses, which are, respectively: a general denial of liability, that Plaintiff is not entitled to relief, that Defendants did not use any force, that Defendants did not use an unnecessary or unconstitutional

amount of force, and that Defendants acted in good faith. (Doc. 26-2 at 4–5). Plaintiff argues he is entitled to summary judgment because "[a]n affirmative defense is not raised through a general denial. As a matter of law, the affirmative defenses are actually not affirmative defenses." (*Id.* at 5).

Defendants, in turn, "acknowledge that it was inartful pleading when previous counsel [representing] Defendants asserted broad denials as affirmative defenses." (Doc. 30 at 3). However, Defendants argue that Plaintiff should not be entitled to summary judgment on these defenses. In *Sam v. Byrd*, a recent Middle District of Louisiana decision, Defendants similarly asserted a general denial of liability as an affirmative defense. The court there noted that while "Defendants technically erred in describing this as an affirmative defense, [Plaintiff] suffers no prejudice, and granting summary judgment on this issue [of liability] merely invites confusion for trial, where Defendants will be allowed to offer evidence contesting liability." *Sam v. Byrd*, No. CV 23-1485-JWD-EWD, 2025 WL 3144744, at *8 (M.D. La. Nov. 10, 2025). Other courts have held the same with respect to motions to strike affirmative defenses. *See, e.g., Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 431 (S.D.N.Y. 2010) (denying a motion to strike similar affirmative defenses because while the "Plaintiffs are correct that the [] defenses are 'nothing more than mere denials' of liability[,] the inclusion of these defenses, although redundant, does not prejudice Plaintiffs."); *Nickens v. State Emps. Credit Union, Inc.*, No. CIV.A. RDB-13-1430, 2014 WL 3846060, at *4 (D. Md. Aug. 4, 2014) (denying a motion to strike similar affirmative defenses because "[g]iven [that] all of these issues will continue[] to be

6

litigated, are logically related to the proceedings, and Plaintiff has experienced no measurable prejudice, [a motion is strike] is clearly unnecessary.").

Similarly, the *Sam* court denied the plaintiff's motion for summary judgment with respect to the good faith defense because, in its view, the defense was "simply redundant to the qualified immunity defense asserted by Plaintiff. In that respect, the inclusion of this redundant defense [was] harmless, and granting summary judgment on it merely invites confusion." *Sam*, 2025 WL 3144744, at *8. Plaintiff replies that the six assertions are not legally cognizable affirmative defenses. (Doc. 32 at 1–3).

While Plaintiff correctly asserts that Defendants' general denials of liability and good faith defenses are not true affirmative defenses, because the Parties will dispute issues of liability and qualified immunity at trial, the Court agrees that granting summary judgment on these defenses may cause confusion at trial. Thus, the Court rules in line with this Court's previous ruling and denies Plaintiff's motion with respect to these six affirmative defenses.

**B. Sovereign Immunity.**

Plaintiff next argues that he is entitled to summary judgment on Defendants' fifth affirmative defense: that Eleventh Amendment immunity applies to Defendants. Plaintiff argues that Defendants' Eleventh Amendment immunity was waived when Defendants removed the case to federal court. (Doc. 26-2 at 5–6). In response, Defendants concede that Eleventh Amendment immunity does not apply.

7

As the Fifth Circuit has ruled, "[a] state's voluntary appearance in federal court, including through removal, constitutes [a] waiver [of Eleventh Amendment immunity]." *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 436 (5th Cir. 2021). Because Defendants removed this matter to federal court in May 2024, Plaintiff's Motion is granted with respect to Defendants' affirmative defense of sovereign immunity.

## C. Qualified Immunity.

Next, Plaintiff asserts that he is entitled to summary judgment on Defendants' first and ninth affirmative defenses: that Defendants are shielded by qualified immunity. Specifically, Plaintiff argues that qualified immunity does not apply to Defendants' state law claims because qualified immunity applies to federal constitutional claims. Plaintiff also argues that qualified immunity does not apply to his federal law claim, analogizing to the facts in *Wingard v. Louisiana through Dep't of Pub. Safety & Corr.*, 594 F. Supp. 3d 704, 722–23 (M.D. La. 2022) and *Aucoin v. Ellis*, No. 16-CV-00064-BAJ-EWD, 2019 WL 919010 (M.D. La. Feb. 25, 2019).

With respect to the state law claims, Defendants respond that "[t]his is not a contested issue in this case. While the pleading of the affirmative defense of qualified immunity could, perhaps, have been more clearly stated that it was addressed to the federal law claims to which it applies, this argument from Plaintiff is a moot point as 'Plaintiff seeks summary judgment regarding a state law affirmative defense that Defendants are not asserting.'" (Doc. 30 at 4). Thus, Defendants concede that qualified immunity does not apply to the state law claims. Because Defendants aver

8

that they never asserted qualified immunity for the state law claims to begin with, the Court will deny Plaintiff's motion in this respect.

With respect to the federal law claim, Plaintiff asks the Court to find that Defendants are not entitled to qualified immunity. "In determining whether an official enjoys immunity, [courts] ask (1) whether the plaintiff has demonstrated a violation of a clearly established federal constitutional or statutory right and (2) whether the official's actions violated that right to the extent that an objectively reasonable person would have known." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006) (citing *Hope v. Pelzer*, 536 U.S. 730 (2002)).

This inquiry is undertaken in light of the specific context of the case, not as a broad, general proposition. *Berry v. Sanders*, No. CV 17-318-BAJ-EWD, 2020 WL 1034627, at *2 (M.D. La. Feb. 14, 2020), *report and recommendation adopted*, No. CV 17-00318-BAJ-EWD, 2020 WL 1033654 (M.D. La. Mar. 3, 2020). This Court has emphasized: "Corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force against a prisoner. When force is used, a corrections officer must also exercise discretion to determine the appropriate amount of force." *Id.* (internal citations omitted).

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Berry*, 2020 WL 1034627, at *2 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010);

9

*Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Berry*, 2020 WL 1034627, at \*2 (citing *Wilkins*, 559 U.S. at 38). The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not "repugnant to the conscience of mankind." *Berry*, 2020 WL 1034627, at \*2 (citing *Hudson*, 503 U.S. at 10).

Factors to be considered in determining whether an alleged use of force is excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response. *Berry*, 2020 WL 1034627, at \*2 (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The law governing excessive force is clearly established; thus, whether Defendant is entitled to qualified immunity turns on the reasonableness of his conduct. *See Berry*, 2020 WL 1034627, at \*2.

Given this body of law, it is a violation of clearly established law for a prison official to use excessive force against a compliant and restrained prison inmate who poses no threat. *See Wingard* at 724 ("it was clearly established that an officer may not use force on a restrained, compliant inmate") and *Aucoin* at \*3 ("Defendants are also not entitled to qualified immunity because at the time of the incident, it was clearly established that inmates have a constitutional right to be free from the use of

10

excessive force, and it is objectively unreasonable to assault a compliant and restrained inmate."). If Plaintiff's version of events is true—that he was thrown onto the ground while he was in full restraints, not resisting, and not a threat—Plaintiff will have suffered a violation of his clearly established law sufficient to overcome qualified immunity.

However, after reviewing the record before the Court, the Court finds that a genuine issue of material fact precludes summary judgment on the issue of qualified immunity. While Plaintiff describes the altercation between himself and Defendant in his Statement of Undisputed Material Facts (*see* Doc. 26-5 ¶¶ 5, 6), it is clear that these facts are not actually undisputed. Defendants disagree with Plaintiff's rendition of the altercation in their Opposition, and, as previously noted, the Parties recently filed a joint pretrial order indicating that they are only in agreement over two facts: (1) that "at all times relevant to this suit, Plaintiff was an inmate housed at Louisiana State Penitentiary[,]" and (2) that "[o]n October 19, 2022, Msgt. Joseph Davis was employed by DPSC at Louisiana State Penitentiary[.]" Indeed, "[a]ll other facts asserted by Plaintiff are in dispute." (Doc. 26-5 ¶¶ 5, 6; Doc. 44 at 4).

Based on the Parties' conflicting descriptions of the altercation, the Court cannot determine whether Defendant is entitled to qualified immunity as a matter of law. It will be for the finder of fact to assess the credibility of witnesses to determine the reasonableness of Defendant's actions at the time of the physical altercation at issue. *See Cole v. Carson,* 935 F.3d 444, 457 (5th Cir. 2019), *as revised* (Aug. 21, 2019) (affirming the district court's denial of summary judgment on an excessive force

11

claim, finding that "genuine disputes of fact regarding . . . entitlement to qualified immunity remain."); *see also Kelly v. Stassi*, 587 F. Supp. 3d 409, 426 (M.D. La. 2022) (Dick, C.J.) (As in *Cole*, the existence of competing factual narratives in this case means that "the full reach of qualified immunity gives way to a trial, the first point at which its application is determinable."); *Rios v. Perez*, 777 F. Supp. 3d 727, 749 (W.D. Tex. 2025) ("Based on . . . parties' conflicting testimony about the events that preceded the recordings, the Court cannot determine qualified immunity as a matter of law.").

Given the discrepancies between Plaintiff and Defendants' rendition of the altercation, the Court will deny Plaintiff's Motion with respect to Defendants' federal law qualified immunity affirmative defense.[3] This will allow the evidentiary record to develop for the jury at trial, and the Court will consider including a qualified immunity jury instruction.

## D. Failure to Mitigate.

Plaintiff next seeks summary judgment on Defendants' fourth affirmative defense: failure to mitigate. Plaintiff argues that he was unable to obtain medical treatment at any other location because he was incarcerated, and so a failure to mitigate defense is inapplicable. Defendants respond that "Plaintiff's medical records

---

[3] While Plaintiff briefed Defendants' ninth affirmative defense as a qualified immunity defense, this affirmative defense states that if Defendants are *not* entitled to the defense of qualified immunity, then Plaintiff contributed to his own injuries or damages. Because Plaintiff did not brief this issue, the Court will not grant the Motion in Plaintiff's favor on this defense. "[F]ailure to brief an argument in the district court waives that argument in that court." *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018).

show that several times in the days following the alleged use of excessive force, Plaintiff refused treatment and was involved in subsequent altercations," citing to Plaintiff medical records *passim*. (Doc. 30 at 5). Plaintiff replies summarily that "Defendants offer no evidence to support their affirmative defense of failure to mitigate." (Doc. 32 at 4). Because Defendants have pointed to record evidence that creates a genuine dispute as to material fact, the Court finds the issue of failure to mitigate will be more appropriately decided by a jury, denying Plaintiff's Motion with respect to this affirmative defense.

### E. Failure to State a Claim.

Next, Plaintiff seeks summary judgment on Defendants' tenth affirmative defense: failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff notes that the Rule 12(b)(6) defense is untimely because it was asserted after Defendants filed their Answer. Defendants respond that while the framing of the affirmative defense pursuant to Federal Rule of Civil Procedure 12(c) would be more appropriate than pursuant to 12(b)(6), "'[c]ourts usually recast a post-answer Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings[,]'" citing *Robinson v. ADM Gromark River Sys., Inc.*, CIV. A. 96-0410, 1996 WL 162077, at *1 (E.D. La. Apr. 4, 1996) and *Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993). Plaintiff summarily replies "[D]efendants offer no evidence or argument to support their claim that the petition removed to this court fails to state a claim upon which relief may be granted." (Doc. 32 at 4).

13

Even if the Court were to recast the Rule 12(b)(6) affirmative defense as a Rule 12(c) defense, the Court will grant Plaintiff's Motion with respect to this affirmative defense for another reason. Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed," "but early enough not to delay trial[.]" A Rule 12(c) Motion would delay trial at this point in time and thus is inapplicable. Therefore, Plaintiff's Motion with respect to this affirmative defense is granted.

### F. Showing of Injury.

Plaintiff further seeks summary judgment on Defendants' eleventh affirmative defense: that an inmate cannot recover for injury suffered while in custody without a prior showing of a physical injury. Defendants note that it is "a correct statement that Plaintiff appears to have suffered an injury as a result of the incident between himself and Defendant Davis[,]" and that the Parties do not contest that point." (Doc. 30 at 6). "Rather, the issue that will remain for trial are whether the injury was the result of an excessive use of force." (*Id.*). Because Defendants concede that a physical injury occurred and that this affirmative defense is inapplicable, the Court will grant Plaintiff's Motion with respect to this affirmative defense.

### G. Preservation of Affirmative Defenses.

Finally, Plaintiff seeks summary judgment on Defendants' twelfth affirmative defense: that Defendants assert their right to any affirmative defense delineated in Rule 8(c) of the Federal Rules of Civil Procedure not specifically enumerated in any of the other affirmative defenses. Plaintiff argues that "[t]he deadline to amend the answer has run. Summary [j]udgment on this affirmative defense should be granted

14

as a matter of law." (Doc. 26-2 at 15). Defendants respond that "Plaintiff's argument is moot." They clarify that this affirmative defense "is commonly used to preserve the right to amend an Answer to include any applicable affirmative defense that may be deemed applicable over the course of litigation[,]" and "[a]s Defendants have not amended to assert any of these defenses, . . . Plaintiff is seeking summary judgment as to Defenses that Defendants are not actually asserting." (Doc. 30 at 6). The Court finds this to be an irrelevant dispute with no real bearing on the litigation in this matter. But because this affirmative defense is not a true affirmative defense, and granting the Motion in Plaintiff's favor will not create confusion at trial, the Court will grant it.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment (Doc. 26)** is **DENIED IN PART** with respect to Defendants' first through fourth and sixth through ninth affirmative defenses and **GRANTED IN PART** with respect to Defendants' fifth affirmative defense and tenth through twelfth affirmative defenses.

Baton Rouge, Louisiana, this **30th** day of July, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

15