# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JEROME JONES**                                                    CIVIL ACTION

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                    NO. 24-00363-BAJ-SDJ

## RULING AND ORDER

Before the Court is Plaintiff's **Motion For Reconsideration Of Motion For Finding Of Spoliation (Doc. 47)**, which the Court construes as a renewed Motion For Spoliation. Defendants oppose the Motion. (Doc. 49). Plaintiff filed a Reply Brief. (Doc. 78). For the following reasons, Plaintiff's Motion (Doc. 47) is **GRANTED IN PART** and **DENIED IN PART**.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an incarcerated person at Louisiana State Penitentiary ("LSP"), alleges that he was subject to excessive force by LSP officials on October 19, 2022, forming the basis for this case. (Doc. 1).

Plaintiff contends that LSP cameras captured the encounter. (Doc. 27 at 1). Plaintiff allegedly submitted an ARP grievance on the day of the alleged altercation, requested that LSP officials review the video footage.[1] (Doc. 27-2 at 2). A disciplinary hearing regarding the altercation was held on October 25, 2022. (Doc. 47 at 1).

---

[1] During the July 23, 2026 motion hearing, the parties debated over when the ARP grievance was submitted. The ARP grievance is dated October 19, 2022 by Plaintiff, but bears a stamp reflecting receipt by LSP's Legal Programs Department on December 8, 2022. The date that the ARP was submitted is still contested. *See* Doc. 85 at 2.

Defendants aver that no video footage has been found. (Doc. 27-4 at 3). In January 2026, Plaintiff moved for spoliation and an adverse inference instruction. (Doc. 27). In April 2026, the Magistrate Judge held a motion hearing, where he denied the motion without prejudice. (Doc. 39). He concluded that because the record was incomplete, Plaintiff had not met his burden of showing that Defendants acted in bad faith with an intent to deprive Plaintiff of the video evidence. (*Id.*). However, the Magistrate Judge specifically instructed that the ruling would not preclude further litigation on the issue. (*Id.*).

In June 2026, Plaintiff obtained an audio recording from the October 25, 2022 disciplinary hearing. (Doc. 47-2 at 1). In the audio recording of the disciplinary hearing, Mr. Jones purportedly requested that the October 19, 2022 video be reviewed. (*Id.*).[2]

Plaintiff filed the instant Motion on June 16, 2026, contending that the newly-obtained audio recording entitled him to a spoliation finding and an adverse inference instruction. (Doc. 47 at 1). Although the instant Motion was submitted as a Motion for Reconsideration, because the Magistrate Judge dismissed the first spoliation motion without prejudice to Plaintiff's right to re-urge it, the Court construes the instant motion as a renewed Motion for Spoliation.

The Court held a hearing on the instant Motion in July 2026. At that hearing, the following was established: (1) Defendants conceded that at the disciplinary hearing, Plaintiff, or at least his counsel substitute, suggested that the video should

---

[2] At the July 2026 motion hearing, Defendants conceded that at the disciplinary hearing, Plaintiff, or at least his counsel substitute, suggested that the video should be reviewed.

be reviewed; (2) the Court made a finding of the same; (3) according to Defendants, no portion of the disciplinary hearing transcript suggested that LSP reviewed the video; (4) Defendants were not aware which steps, if any, LSP definitively took to preserve the video; (5) Defendants explained that video systems at LSP, including the cameras at issue, automatically overwrite themselves after thirty days in order to preserve electronic storage space.

Defendants oppose Plaintiff's renewed Motion, contending Plaintiff has not provided evidence warranting an adverse inference instruction.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure Rule 37(e) governs the loss of electronically stored information ("ESI"):

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>> (A) presume that the lost information was unfavorable to the party;
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> (C) dismiss the action or enter a default judgment.

Courts may order either: (1) remedial measures "no greater than necessary to cure the prejudice" under Rule 37(e)(1); or (2) more onerous measures under Rule

37(e)(2), but "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation[.]" Fed. R. Civ. P. 37(e.

Rule 37(e)(1)'s curative measures include "permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument[.]" Fed. R. Civ. P. 37(e), Advisory Comm. Notes, 2015. Rule 37(e)(2) curative measures authorize the Court to "presume that the lost information was unfavorable to the party; instruct the jury that it may or must presume the information was unfavorable to the party; or dismiss the action or enter default judgment." Fed. R. Civ. P. 37(e)(2). Measures under Rule 37(e)(1) should "not have the effect of" the more onerous Rule 37(e)(2) measures. Fed. R. Civ. P. 37(e), Advisory Comm. Notes, 2015.

## III.    DISCUSSION

In the Motion for Spoliation, Plaintiff asks the Court to issue an adverse presumption for lost LSP video footage. (Doc. 47). As noted, Plaintiff asserts he asked LSP to review the video footage on two occasions: in his ARP, dated October 19, 2022, and at his October 25, 2022 disciplinary hearing, but the video evidence was not preserved. Defendants oppose Plaintiff's Motion, arguing that the renewed Motion does not offer any more evidence of bad faith on the part of Defendants than Plaintiff's original motion. The Court will analyze whether Plaintiff is entitled to Rule 37(e)(1) curative measures before addressing whether Plaintiff is entitled to the more burdensome Rule 37(e)(2) curative measures.

4

## A. Rule 37(e)(1).

Curative measures under Rule 37(e)(1) are available if ESI "(1) should have been preserved for litigation, and (2) because of a failure to take reasonable steps to preserve, (3) is lost, (4) cannot be restored or replaced through additional discovery, and (5) the loss prejudices another party." *Owens v. Bd. Of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750, 756 (M.D. La. 2023). In addition, any curative measures must be "no greater than necessary." Fed. R. Civ. P. 37(e)(1).

Here, the third and fourth elements are not in genuine dispute: the video is lost, and nothing in the record suggests that it can be restored or replaced through additional discovery. Therefore, the Court must ascertain whether: (1) the video should have been preserved; (2) whether its loss resulted from LSP's failure to take reasonable steps to preserve it; and (3) whether the loss of the video prejudices Plaintiff.

### 1. Duty To Preserve.

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). "Potential litigants have a duty to preserve relevant information when litigation is reasonably foreseeable." Fed. R. Civ. P. 37(e), Advisory Comm. Notes, 2015. "[R]easonable notice of a party's duty to preserve evidence may arise when the plaintiff files a formal complaint, informs the defendant that he has retained counsel, threatens litigation,

5

or requests information relevant to the incident." *Disedare v. Brumfield*, No. CV 22-2680, 2024 WL 1526699, at 7 (E.D. La. Apr. 9, 2024). "Determining when a duty to preserve arises in a particular case and the extent of that duty requires careful analysis of the facts and circumstances presented." *Autin v. La. Dep't of Pub. Safety & Corrs.*, No. CV 20-1214, 2021 WL 12278996, at 2 (E.D. La. June 17, 2021).

At the motion hearing, Defendants conceded, and the Court found, that the Plaintiff requested that the disciplinary board review the video footage during his October 25, 2022 disciplinary hearing. His request arose in the context of disputing Defendant Davis's description of the physical altercation between the two. Plaintiff's request for information relevant to the incident put the Louisiana Department of Public Safety & Corrections ("LDPSC") on notice of potential litigation and triggered its duty to preserve the video footage.[3]

### 2. Failure To Take Reasonable Steps To Preserve.

Rule 37(e) imposes a duty on parties to litigation "to take reasonable steps to preserve" ESI. Fed. R. Civ. Pro. 37(e). While Rule 37(e) "does not call for perfection,"

---

[3] Although the date of Plaintiff's ARP grievance submission is in dispute, a duty to preserve the footage similarly would attach if the ARP grievance was submitted on the date of the incident. This Court has held that when an inmate "initiated a grievance against" an officer "on the same day as the interaction," the officer "was on notice for potential litigation, which would require him to take actions to preserve" the video. *Johnson v. La. Dep't of Pub. Safety & Corrs.*, No. 21-595-JWD-RLB, 2025 WL 2553741, at 7 (M.D. La. Sept. 5, 2025). *See also Falkins v. Goings*, No. CV 21-1749, 2022 WL 17414295, at 4 (E.D. La. Dec. 5, 2022) (upholding the Magistrate Judge's finding that an ARP grievance triggered the duty to preserve video footage); *Autin,* 2021 WL 12278996, at 3 ("Negligence flowing from an unintentional failure of DOC policy and prison officials to recognize that the filing of an ARP for excessive force, under circumstances alleged here, reasonably triggers the duty to preserve relevant evidence.").

courts should "be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts." Fed. R. Civ. P. 37(e), Advisory Comm. Notes, 2015. "[S]ome litigants, particularly individual litigants, may be less familiar with preservation obligations than others who have considerable experience in litigation." *Id.* Courts are further advised to "be sensitive to party resources[,] [as] aggressive preservation efforts can be extremely costly, and parties (including governmental parties) may have limited staff and resources to devote to those efforts." *Id.*

The Eastern District of Louisiana has held that because of LDPSC's "experience defending against allegations that [LDPSC] officers improperly failed to preserve ESI[,]" LDPSC "should be familiar with the preservation obligations that litigation imposes[.]" *Disedare*, 2024 WL 1526699, at 9. The Eastern District of Louisiana elaborates that LDPSC's duty to preserve video footage was not onerous, "especially given the small number of [] videos requested from a narrow time period[.]" *Id.* The court found that despite LDPSC's surveillance videos being automatically overwritten after thirty days, LDPSC "acted unreasonably in failing to preserve all video footage and allowing it to be automatically overwritten." *Id.* Given that there are no material distinguishable facts here, this Court also finds that LDPSC acted unreasonably in failing to preserve the relevant video footage.

### 3. Prejudice To Plaintiff.

Rule 37(e)(1) requires that a court make a finding of prejudice before ordering Rule 37(e)(1) curative measures. "A party suffers prejudice where it cannot present evidence essential to its underlying claim. Thus, the prejudice inquiry turns on

whether the party seeking sanctions can demonstrate the missing or altered evidence would have been relevant to proving a claim or defense. Lost or destroyed evidence is relevant if a reasonable trier of fact could conclude that the lost evidence would have supported the claims or defenses of the party that sought it." *Disedare*, 2024 WL 1526699, at 10 (cleaned up).

Plaintiff and Defendants disagree as to who initiated the altercation. Defendant Davis asserts that when Plaintiff "attempted to pull away from [him]". he "brought [Plaintiff] to the ground to gain control of the situation." (Doc. 80 at 3). Meanwhile, Plaintiff claims that he "was in full restraints and not resisting and standing against the wall in front of his cell when [Defendant Davis] grabbed [him] and forcefully threw him to the concrete on his head." (*Id.* at 2). The lost video footage bears directly on Plaintiff's central claim, and its loss deprives Plaintiff of the only objective evidence of the altercation. The loss of the video has prejudiced Plaintiff from presenting evidence essential to support his assertion that Defendant Davis was not justified in using force on him. *See Disedare*, 2024 WL 1526699 at 11 (finding that LDPSC's loss of video footage prejudiced the inmate plaintiff).

Accordingly, the Court finds that Plaintiff has satisfied the requisite elements for a Rule 37(e)(1) curative measure. *See also Falkins v. Goings*, No. CV 21-1749, 2022 WL 17414295, at 4 (E.D. La. Dec. 5, 2022) (affirming the Magistrate Judge's order, which found all Rule 37(e)(1) elements existed when LDPSC failed to preserve video of an alleged altercation between the plaintiff and LDPSC officials).

## B. Rule 37(e)(2).

Having established that Plaintiff has met the threshold requirements for Rule 37(e)(1) curative measures, the Court turns to whether Plaintiff is entitled to Rule 37(e)(2) curative measures. Rule 37(e)(2) applies when the court finds "that the party acted with the intent to deprive another party of the information's use in the litigation[,]" but unlike Rule 37(e)(1), "does not include a requirement that the court find prejudice to the party deprived of the information." Fed. R. Civ. P. 37(e), Advisory Comm. Notes, 2015.

The Fifth Circuit "permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005) (citing *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003)). Bad faith in this context "generally means destruction for the purpose of hiding adverse evidence." *Guzman*, 804 F.3d at 713. "Typically, we do not draw an inference of bad faith when documents are destroyed under a routine policy." *Russell v. Univ. of Tex. Of the Permian Basin*, 234 F. App'x 195, 208 (5th Cir. 2007) (citing *Vick v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)). Courts should not give "adverse-inference instructions on a finding of negligence or gross negligence." Fed. R. Civ. P. 37(e), Advisory Comm. Notes, 2015. Rather, a party seeking an adverse inference must establish that "the [spoliating] party acted with the intent to deprive another party of the information's use in the litigation." *Ford v. Anderson Cnty.*, 102 F.4th 292, 323–24 (5th Cir. 2024) (quoting Fed. R. Civ. P. 37(e)(2)); *see also United States v. Martinez*, 131 F.4th 294,

9

315 (5th Cir. 2025) (reaffirming that bad faith "generally means destruction for the purpose of hiding adverse evidence").

The disciplinary hearing audio recording establishes that Defendant requested for the disciplinary board to review the video footage. While the audio recording further supports Plaintiff's contention that Defendants should have been on notice of potential litigation, it does not provide evidence of bad faith on the part of Defendants under the applicable standard. Plaintiff argues that LSP's failure to retain the video footage is evidence of bad faith because while La. R.S. 15:1172(b)(1) and La. Admin. Code tit. 22, pt. I, § 325 (g)(1) grant inmates a period of ninety days to file ARP grievances after an incident. However, as Defendants admit, LSP has a practice of only preserving video footage for thirty days. The failure to retain the video footage for those ninety days, says Plaintiff, is "a deliberate decision to destroy evidence." (Doc. 47-2).

The law does not support Plaintiff's contention. In *Schreane v. Beemon*, a prison's cameras overwrote surveillance video after a period of fifteen to thirty days, pursuant to prison policy, unless a prison official identified specific footage relating to an incident warranting investigation. 575 F. App'x 486, 489 (5th Cir. 2014). The Fifth Circuit found that LDSPC did not act in bad faith when a video recording was not preserved because there was no evidence that any official with knowledge of the plaintiff's complaints had ever viewed the footage or was involved in the decision to record over the tape. *Id.* at 491. *Cf. Disedare*, 2024 WL 1526699, at 13 (delaying, but not denying, the issuance of an adverse inference instruction when there was

10

evidence that the defendant reviewed video footage from multiple cameras prior to the deletion of some video footage, potentially "selectively preserv[ing] only that which he decided best supported his actions").

Plaintiff here does not offer evidence that the video was reviewed, nor that anyone who received the request to review the tape had connection to the decision to override the tape. Indeed, at the motion hearing, Defendants clarified that no portion of the disciplinary hearing transcript suggested that LSP reviewed the video. Accordingly, under Fifth Circuit precedent, the Court cannot find bad faith on the part of Defendants, and therefore cannot order a Rule 37(e)(2) curative measure.

### C. Appropriate Curative Measures.

As discussed, Rule 37(e)(1) curative measures are appropriate here. They must be "no greater than necessary." Fed. R. Civ. P. 37(e)(1). Curative measures include "permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument[.]" Fed. R. Civ. P. 37(e)(1).

Here, the following Rule 37(e)(1) measures are appropriate: the parties may present evidence and argument to the jury regarding the video's existence, the requests for its review, and its non-preservation; and the jury will be instructed that Defendants were under a duty to preserve the video and failed to do so. *See Disadare*, 2024 WL 1526699, at 16 (allowing the plaintiff "to present evidence and argument to the jury regarding the loss of the ESI" and instructing the jury "that the Defendants were under a duty to preserve the ESI but failed to do so"). However, because Plaintiff

11

did not satisfy his burden to prove bad faith on the part of Defendants, as required for Rule 37(e)(2) curative measures, the Court will not presume that the lost video was unfavorable to Defendants and will not instruct the jury that it may or must presume that the lost video was unfavorable to Defendants.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion For Reconsideration Of Motion For Finding Of Spoliation (Doc. 47)** is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure Rule 37(e)(1):

(a) The parties may present evidence and argument to the jury regarding the tier video's existence, Plaintiff's requests for its review, and its non-preservation;

(b) The jury will be instructed that Defendants were under a duty to preserve the video and failed to take reasonable steps to do so; and

**IT IS FURTHER ORDERED** that the Motion is **DENIED** insofar as it seeks a Rule 37(e)(2) curative measure in the form of an adverse presumption or jury instruction.

Baton Rouge, Louisiana, this 11th day of August, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

12